UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re:

ASIAN EXPANDERE, INC.,

                                    Debtor.

--------------------------------------------------------x

ZHAN W. CAO and J.C. INVESTOR, LLC,

                        Appellants,

        - against -

LORI LAPIN JONES and PROVIDENCE
RIDGE ASSOCIATES, LP,

                        Appellees.
--------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   AUG 2 7 2018   ★

BROOKLYN OFFICE

Chapter 7

CASE NO. 14-42243 (ESS)

MEMORANDUM & ORDER
17-CV-7407

GLASSER, Senior United States District Judge:

    Zhan W. Cao and J.C. Investor, LLC ("Appellants") initiated the above-captioned bankruptcy appeal on December 15, 2017. They appeal from the bankruptcy court's November 14, 2017 order denying their motion for an extension of time to respond to the oppositions to their application for an emergency order to show cause. Appellants have already applied for and received two extensions of time to file their brief in this appeal, and currently pending before the Court is their motion for a third such extension. That pending motion will now be denied as moot. For the reasons enumerated below, this appeal is dismissed in its entirety.

    *First*, the appeal was untimely. Under Rule 8002 of the Federal Rules of Bankruptcy Procedure, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Here, Appellants

1

appeal an order dated November 14, 2017 and entered on the bankruptcy court docket on November 15, 2017, but Appellants did not file their notice of appeal until December 15, 2017, a month later.

*Second*, as to one of the Appellants, J.C. Investor, LLC, the notice of appeal was either void or voidable—and in any event improper—because it was not filed by an attorney. Only an attorney can act in federal court for a business entity. *See Rowland* v. *Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (citations omitted)); *Lattanzio* v. *COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney." (citations omitted)). Courts have applied this rule to dismiss any action or motion filed by a business entity purporting to act *pro se*. *See, e.g., Grace* v. *Rosenstock*, No. 85-CV-2039, 2004 WL 5840881, at *6 (E.D.N.Y. Sept. 30, 2004) (holding that a stipulation of settlement entered into by a corporation purporting to act *pro se* was a nullity). Indeed, Asia Expandere, Inc. ("AEI")—the debtor in this bankruptcy—filed a notice of appeal from an earlier order in the underlying bankruptcy action, and Judge Cogan dismissed that appeal in part because it had been filed by a non-attorney shareholder of AEI (not Zhan W. Cao) purporting to act *pro se* on behalf of AEI, a corporation. *See Asian Expandere, Inc.* v. *Jones*, No. 15-CV-4043, slip op. at 2 (E.D.N.Y. July 21, 2015).

*Third*, Appellants have failed to prosecute their appeal, and their latest request for an extension of time to file a brief, viewed in light of their prior such motions, does not provide a

2

compelling reason to excuse their failure. Under Rule 8018 of the Federal Rules of Bankruptcy Procedure, Appellants' brief was initially due on or before March 9, 2018 (fourteen days after the docketing of notice that the bankruptcy record had been received, ECF No. 2). They have already requested and received two extensions of time to file their brief, the second of which gave them until June 29, 2018 to do so. Their latest request for an extension was not filed until August 17, 2018, nearly two months after the brief was due. In determining whether this failure to meet an already-extended deadline "was the result of excusable neglect," Fed. R. Bankr. P. 9006(b), as would warrant an additional extension, the Court has taken into account the bankruptcy court record. That record reveals that the very order from which Appellants are appealing is an order in which the bankruptcy court denied their *eleventh* request for an extension of time to file a response in the bankruptcy court action. Indeed, the record reveals that Appellants have been citing essentially the same reasons for their failure to file a brief—first in the bankruptcy court, now here—for over two years. Here, time and repetition have compounded to convert once-valid excuses into dog-ate-my-homework pretexts for delay. As such, dismissal of this appeal for failure to prosecute is warranted. *See* Fed. R. Bankr. P. 8018(a)(4); *Satti* v. *Nechadim Corp.*, No. 17-CV-683, 2018 WL 1010206, at *3 (E.D.N.Y. Feb. 16, 2018).[1]

*Fourth*, and most important, Appellants' appeal is patently frivolous. As a review of the record on appeal and the bankruptcy court docket reveals, the bankruptcy court's denial of Appellants' *eleventh* request for an extension of time to file a response was entirely appropriate.

---

[1] Under Rule 8018(a)(4), a district court must provide notice before *sua sponte* dismissing a bankruptcy appeal due to an appellant's failure to file a brief on time. *See* Fed. R. Bankr. P. 8018(a)(4). For this reason, if not for the multiple other independently dispositive reasons to dismiss this appeal, the Court would have issued an order to show cause why this appeal should not be dismissed (rather than dismissing it without notice, as the Court does here).

The purported reasons for reversal that Appellants cite in their notice of appeal do not give the Court the least bit of pause in reaching this conclusion.

Accordingly, the Court hereby dismisses this appeal and denies the pending motion as moot.

SO ORDERED.

Dated:      Brooklyn, New York
             August 27, 2018

/s/_____
I. Leo Glasser             U.S.D.J.